UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NICK A. HISSONG,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Case No. 1:25-CV-00357-CCB-ALT

## OPINION AND ORDER

This matter comes before the Court on Plaintiff Nick A. Hissong's ("Hissong")

appeal of the Social Security Administration's Decision. In the Decision, dated February

25, 2025, the Social Security Administration found that Hissong was not disabled and

not entitled to disability benefits. The parties have briefed the appeal. After considering

the briefing and the administrative record, the Court finds that the Decision must be

affirmed for the following reasons.

## ANALYSIS

### A. Standard of Review

A claimant who is found to be "not disabled" may challenge the Commissioner's

final decision in federal court. This Court must affirm the ALJ's decision if it is

supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v.*

*Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere

scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means

"evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (defining substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and quotations omitted). In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. But that review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)). Nonetheless, if after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," the Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted).

While the ALJ need not discuss every piece of evidence in the record, she "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors [her] ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support [her] conclusion and explain why it was rejected," *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate [her] assessment of the evidence to assure" the Court that she "considered the important evidence" and allow the court "to trace the path of the ALJ's reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

2

### B. Procedural Background

Hissong filed an application for benefits on October 30, 2023, alleging disability beginning on January 1, 2020. The claim was denied initially on July 2, 2024, and upon reconsideration on August 9, 2024. On February 13, 2025, the parties participated in a telephone hearing before an ALJ. The ALJ issued an unfavorable decision on February 25, 2025. (R. 28).

### C. The ALJ's Decision

A person suffering from a disability that renders him unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."). To be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but also any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. *See* 42 U.S.C. § 423(d)(2)(A). If a claimant's application is denied initially and upon reconsideration, he may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1).

An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively

3

disabling impairment, whether he has the residual functional capacity to perform his past relevant work, and (5) whether the claimant is capable of performing any work in the national economy. *See* 20 C.F.R. § 404.1520(a); *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). An affirmative answer for steps one through four stops the inquiry and the claimant is found to be not disabled. If steps one through four are answered in the negative, the ALJ proceeds to step five.

At step one, the ALJ found that Hissong had not engaged in substantial gainful activity from his alleged onset date of January 1, 2020, through his date last insured of June 30, 2020. (R. 33). At step two, the ALJ determined that Hissong had the following medically determinable impairments: hypertension; low vision/myopia/astigmatism (not at listing level with correction); osteoarthritis; generalized anxiety disorder; post-traumatic stress disorder (PTSD); schizophrenia; left thumb/upper extremity cellulitis; right shoulder disorder; vitamin D deficiency; and findings for edema in the bilateral lower extremities. (*Id.* at 33–34).

At step three the ALJ found that Hissong did not have "an impairment or combination of impairments that significantly limited [his] ability to perform basic work-related activities for 12 consecutive months" under 20 C.F.R. § 404.1521. (R. 34). At step four, the ALJ applied the "paragraph B" criteria provided in 20 C.F.R. Pt. 404 Subpt. P App'x 1 because Hissong had medically determinable mental impairments and found that he had mild to no limitations in these functional areas. *See also* 20 C.F.R. § 404.1520b.

4

> The first functional area is understanding, remembering or applying information. In this area, the claimant had no limitation during the six month relevant time period between his alleged onset date of disability and his date last insured. The next functional area is interacting with others. In this area, the claimant had a mild limitation. The third functional area is concentrating, persisting or maintaining pace. In this area, the claimant had no limitation. The fourth functional area is adapting or managing oneself. In this area, the claimant had no limitation.

(R. 37). She further found that "the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities." (*Id.*). The ALJ did not proceed to step five because she determined that Hissong was not disabled.

### D. Issues On Appeal

Hissong raises one issue for this Court to review. He argues that the ALJ should have obtained and considered a medical expert's opinion for his case. (ECF 14 at 8–9). According to Hissong, remand is necessary because the ALJ did not accept any medical opinions in the record. (*Id.* at 11). He contends that a new expert opinion is therefore required to evaluate the severity of Hissong's impairments during the relevant period and how those limitations impact his residual functioning capacity. (*Id.*) The Court is unpersuaded for the reasons below.

#### 1. The ALJ's Failure to Obtain a Medical Expert Does Not Warrant a Remand

Relying on *Michael B. v. Dudek*, Hissong asserts that when an ALJ rejects every expert medical opinion in the record, it creates an evidentiary gap that the ALJ must remedy by contacting an additional medical expert. (*Id.*); *Michael B. v. Dudek*, No. 4:24-CV-00043-KMB-TWP, 2025 WL 865139, at *4 (S.D. Ind. Mar. 20, 2025) (quoting *Shirley A.*

*J. v. O'Malley*, 2024 WL 1341077, at \*7 (N.D. Ind. Mar. 29, 2024)) ("The ALJ's consideration of the objective medical evidence without any expert opinion on which to rely was 'tantamount to playing doctor and resulted in a compromised RFC based on [his] lay opinion.'") He argues that the ALJ "took matters into her own hands" when she rejected the state agency physicians' findings. (ECF 14 at 11). He further alleges that she improperly relied on her own analysis of the evidence when she assessed his functional limitations without an expert medical opinion. (*Id.*)

ALJs have a duty to consider the entire record when making disability determinations. *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007). But they are not required to "rely entirely on a particular physician's opinion or choose between the opinions" of the various physicians. *Id.* All that they must do to avoid reversal is adequately discuss the record and build a "logical bridge from the evidence to [their] conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

The most important factors ALJs consider when assessing the persuasiveness of a medical source are "supportability" and "consistency." 20 C.F.R. § 404.1520c(b)(2). Supportability is the degree to which "objective medical evidence and supporting explanations" support the opinion of the medical source. 20 C.F.R. § 404.1520c(c)(1). Consistency is the degree to which the medical opinion is consistent with "evidence from other medical sources." 20 C.F.R. § 404.1520c(c)(2). The ALJ must articulate how she "considered the supportability and consistency factors for a medical source's medical opinion[]." 20 C.F.R. § 404.1520c(b)(2). But these articulation requirements are "minimal." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). If she has adequately

discussed the reasoning for her conclusions such that this Court can assess their validity, she has done her job. *See id.* at 1053–54.

ALJs must also articulate the persuasiveness of each medical opinion, but they may not "defer" or "give any specific evidentiary weight" to "any medical opinion(s)." 20 C.F.R. § 404.1520c(a); *see also Schmidt,* 496 F.3d at 845 (finding that the ALJ's refusal to adopt the RFC of any medical opinion submitted was not error). In examining Hissong's records, the state agency physicians found that there was insufficient evidence to make a disability determination during the relevant period. (R. 80–95). The ALJ considered those findings and determined they were "not persuasive" because those "prior administrative medical findings [were] not supported by citations to the record, nor [were] they consistent with the overall evidence demonstrating the existence of medically determinable, but nonsevere, impairments." (*Id.* at 37). The ALJ thus considered the "supportability" and "consistency" factors when assessing the state agency findings and provided a "logical bridge" between the evidence and her conclusion. *Clifford,* 227 F.3d at 872.

While the ALJ acknowledged that there was sparse evidence from the relevant time period, she concluded there was "sufficient evidence to make a determination." (R. 37). She reviewed Hissong's medical reports during the relevant time period and in the year before and after. (*Id.* at 36–37). The medical reports were "unremarkable."(*Id.* at 36). Most indicated that Hissong had "normal mood/affect" and no "cited deficits related to pulmonary, cardiovascular, abdominal or neurological functioning." (*Id.* at 36, 470–548). The ALJ also concluded that Hissong had no significant work limitations

because most of his impairments were acute and "improved within very short periods of time." (*Id.* at 36–37). The ALJ also noted that his PTSD symptoms were "alleviated by rest." (*Id.* at 36). She adequately reviewed the record and explained her conclusion that the evidence did not support Hissong's allegation of disability from January 1, 2020 to June 30, 2020. So there is no basis to conclude that the ALJ erred in her determination of his impairments. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (citing *Schmidt,* 496 F.3d at 842) (affirming that an ALJ's decision must be upheld "even if 'reasonable minds could differ concerning whether [claimant] is disabled'" as long as "the decision is adequately supported.").

The ALJ did not need to accept the medical opinions of any or all the medical sources. She was only required to consider them and articulate her determination of their persuasiveness. The ALJ met that requirement here. Thus, remand is not warranted.

## CONCLUSION

For these reasons, the Commissioner's Decision is **AFFIRMED.**

SO ORDERED on July 8, 2026.

    */s/Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT